The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for several modifications that did not change its outcome.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times an employment relationship existed between the plaintiff and the defendant-employer.
3. Defendant is a duly approved self-insured and Key Risk Management is the servicing agent.
4. Plaintiff sustained an injury by accident on June 20, 1994.
5. Plaintiffs average weekly wage at the time of his injury by accident was $394.68.
6. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1. These records consist of documentation from: Durham Regional Hospital, Durham-Chapel Hill Orthopedic/Physical Therapy, J. Lawrence Frank, M.D., Carol W. Fleshwood, D.C., Robert Elkins, M.D., National Diagnostic Incorporated, Community Memorial Health Center, North Carolina Spine Center, Crawford and Company Health and Rehabilitation, and Berkely Care.
7. Documentation from the Virginia Workers Compensation Commission was stipulated into evidence as Stipulated Exhibit 2.
8. Documentation from the North Carolina Construction Industry Self-Insured Fund was stipulated into evidence as Stipulated Exhibit 3.
9. An employment summary, affidavits from plaintiff, the pre-trial agreement in this case, orders relating to this case, deposition notices relating to this case, employment history relating to this case, and tax records were stipulated into evidence as Stipulated Exhibit 4.
10. Documentation from Holly Manner Nursing Home was stipulated into evidence as Stipulated Exhibit 5.
11. Virginia unemployment records were stipulated into evidence as Stipulated Exhibit 6.
12. An affidavit from Louise Witt was stipulated into evidence as Stipulated Exhibit 7.
13. The issues before the undersigned are: (i) whether plaintiff suffered a change of condition relating to his compensable injury of June 20, 1994; (ii) if so, to what compensation and benefits, if any, is plaintiff entitled; and (iii) whether plaintiff is entitled to penalties and interest for defendants failure to pay compensation pursuant to the May 9, 1997 Opinion and Award.
Judicial notice is taken of the Opinion and Award filed by former Deputy Commissioner Lawrence B. Shuping, Jr. on May 9, 1997.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was employed as a drywall finisher for defendant-employer when he suffered a compensable injury by accident on June 20, 1994. Plaintiff returned to modified drywall finishing work for approximately 6 months until his symptoms became totally incapacitating as of June 22, 1995. Former Deputy Commissioner Lawrence Shuping, in an Opinion and Award filed May 9, 1997, found the June 20, 1994 injury compensable and that as of June 22, 1995 plaintiff sustained a change of condition.
2. As of October 3, 1995 plaintiff had reached maximum medical improvement and retained a 5% permanent functional impairment to his back as the result of his compensable injury by accident.
3. Deputy Commissioner Shuping awarded temporary total disability compensation to plaintiff for the period from June 22, 1995 through October 16, 1995, subject to a credit for unemployment benefits received during that time. Deputy Commissioner Shuping did not specifically articulate the amount of credit owed defendant, apparently because the information was not then available, and instead relied on the parties to arrive at an agreement regarding the credit subsequent to the filing of his Opinion and Award.
4. Deputy Commissioner Shuping further ordered that defendant should pay plaintiff back compensation owed because of underpayment based on an incorrect average weekly wage. Deputy Commissioner Shuping ordered $27.12 per week for the periods June 20, 1994 through September 18, 1994 and October 6, 1994 through October 16, 1994.
5. Deputy Commissioner Shuping further ordered that defendant should pay plaintiff back compensation owed because of underpayment based on an incorrect average weekly wage for the period from December 20, 1994 through December 26, 1994. Deputy Commissioner Shuping did not specifically articulate the amount owed plaintiff for this period, apparently because no earnings information for that week was available, and instead relied on the parties to arrive at an agreement regarding the amount subsequent to the filing of his Opinion and Award.
6. Plaintiff had returned to work in November, 1995 for Kelly Hurtz doing vinyl siding installation at lesser wages. Therefore, Deputy Commissioner Shuping further ordered that defendant should pay plaintiff benefits for his partial incapacity pursuant to N.C. Gen. Stat. 97-30 at a weekly rate of $183.13 beginning November 1, 1995 and continuing so long as he remained partially disabled and had no change in his medical condition or earning status.
7. Subsequent to the filing of the May 9, 1997 Opinion and Award, a controversy arose between the parties surrounding how much credit defendant was owed for a disputed amount of unemployment benefits received by plaintiff from the State of Virginia. Furthermore, the partial disability compensation owed plaintiff pursuant to N.C. Gen. Stat. 97-30 after November 1, 1995 came into contention because the amount of wages earned by plaintiff after that date was disputed by the parties due to a lack of accurate information. The parties stipulated at oral argument before the Full Commission that a mediated settlement conference was held on June 22, 1998 in an attempt to resolve these, and other, issues. The parties also agreed that subsequent to the conference, defendant paid $8,106.88 to plaintiff.
8. On January 16, 1998, plaintiff filed with the Industrial Commission a Form 33 that resulted in a hearing before, and Opinion and Award by, Deputy Commissioner W. Bain Jones, Jr. Deputy Commissioner Jones Opinion and Award is the subject of this appeal. The Form 33 that led to the hearing before Deputy Commissioner Jones requested a hearing for an alleged "worsening of [plaintiffs] condition. In his brief to Deputy Commissioner Jones and to the Full Commission, plaintiff alleged that he has missed work at various times and that he is entitled to disability compensation during these unspecified periods pursuant to N.C. Gen. Stat.97-47.
9. After the first hearing before Deputy Commissioner Jones on October 1, 1998, Deputy Commissioner Jones recessed the hearing and issued an order on October 2, 1998 that required plaintiff to prepare documentation concerning plaintiffs sources of income or compensation and the periods for which the amounts were received. A second hearing was held on November 18, 1998 at which time Deputy Commissioner Jones found that further information was needed. He allowed plaintiffs counsel additional time after the hearing to contact the Virginia Employment Security Commission to obtain documentation on unemployment benefits received by plaintiff.
10. Plaintiff did not miss any time from work in 1996 because of his back problems. Plaintiff stopped working for Mr. Huitz in June, 1996 and, on July 1, 1996, plaintiff began working for Thomas Brown at $12.00 per hour. This rate was greater than his pre-injury wage.
11. At the November 1998 hearing, plaintiff stated he continued to work for Mr. Huitz until October 28, 1996 and did not begin working for Mr. Brown until December 20, 1996. Plaintiff did not offer testimony or documentation by either employer except a Form 1099 from Mr. Huitz reflecting an income of $7,076.00 for 1996. No documentation has been provided from Mr. Brown relating to that employment period.
12. At the November 1998 hearing, plaintiff indicated he had worked for another employer named Joe Roper from February 1997 until May 1997 as a dry wall finisher. Plaintiff earned greater or equal wages to his pre-injury wage during this period. No documentation has been offered as to the specific dates of employment or the wages that were earned in this time period.
13. Plaintiff was incarcerated from October 2, 1997 through December 16, 1997.
14. At the November, 1998 hearing, plaintiff indicated that following his incarceration he returned to work for Mr. Huitz on April 6, 1998. However, Dr. Franks medical documentation indicated plaintiff actually began working for Mr. Huitz on March 1998. No documentation has been provided from Mr. Huitz as to plaintiffs dates of employment or the income he received.
15. Plaintiff received no treatment from his treating orthopedist Dr. Lawrence Frank from November 16, 1995 until Dr. Frank saw him again on September 3, 1998. At that time, Dr. Frank determined that plaintiffs back condition had not changed substantially since the June 20, 1994 injury. Dr. Frank determined that the five percent permanent disability rating was unchanged and did not believe that any further chiropractic treatment was necessary.
16. At the November 18, 1998 hearing, plaintiff indicated he worked continuously from April 6, 1998 through the time of the first hearing before the Deputy Commissioner. Plaintiff has provided documentation relating to his employment with Holly Manor beginning on September 15, 1998 that stated that he was hired to do full time work at $6.50 per hour. Plaintiff has provided no documentation relating to his employment or actual income earned from April 6, 1998 through the time of the hearing.
17. Deputy Commissioner Jones cited inconsistencies in plaintiffs testimony, as well as plaintiffs demeanor at hearing, and found that plaintiff had failed to prove that he was disabled as a result of a change of condition or under any theory compensable by the Act at any time after July 1, 1996. The Full Commission declines to disturb the credibility determinations of the Deputy Commissioner.
18. Plaintiff submitted insufficient evidence from which the Full Commission can find any compensable disability under the Act subsequent to his July 1, 1996 return to work at wages greater than those he earned at the time of his injury.
19. Defendant has paid all the benefits due and payable under the Opinion and Award of Deputy Commissioner Shuping filed on May 9, 1997.
20. Dr. Frank has determined that further medical treatment for plaintiffs lumbar strain will be limited to ice, heat, and anti-inflammatory medications. Dr. Frank indicated that chiropractic manipulations were not necessary.
21. Plaintiffs physical condition has not changed for the worse since the May 9, 1997 Opinion and Award of Deputy Commissioner Shuping as a result of the June 20, 1994 compensable injury by accident and/or the June 22, 1995 change of condition.
22. Plaintiffs earning capacity has not changed for the worse since the May 9, 1997 Opinion and Award of Deputy Commissioner Shuping as a result of the June 20, 1994 compensable injury by accident and/or June 22, 1995 work-related incident.
23. The amount of the benefits due plaintiff as awarded in Deputy Commissioner Shupings May 9, 1997 Opinion and Award was intentionally left uncertain due to a lack of information. Deputy Commissioner Shuping, in his Opinion and Award, instructed "the parties to ascertain the exact amounts owed subsequent to his decision. The sources of information that were available to the Commission and the parties subsequent to that Opinion and Award and could clarify the exact amounts owed plaintiff were: plaintiffs Virginia unemployment records, plaintiffs tax returns, plaintiffs testimony, and plaintiffs answers to interrogatories. These sources are inconsistent, incomplete, and incongruous with each other. The problems surrounding the procurement of correct wage information were beyond defendants control. Given the resulting good-faith disputes arising from these issues, plaintiff has produced insufficient evidence from which the Full Commission can award penalties pursuant to N.C. Gen. Stat. 97-18.
***********
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Inasmuch as plaintiff has not undergone a substantial change of condition for the worse since the May 9, 1997 Opinion and Award filed by Deputy Commissioner Shuping, plaintiff is not entitled to any compensation above and beyond that previously awarded. N.C. Gen. Stat.97-47.
2. Plaintiff is entitled to no compensation subsequent to his July 1, 1996 return to work at wages greater than those earned at the time of his injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682
(1982), Watkins v. Central Motor Lines, 279 N.C. 132, 181 S.E.2d 588
(1971).
3. The conditions surrounding the procurement of plaintiffs post-injury wage and unemployment insurance information were beyond defendants control in this case. Plaintiff was not able to submit a complete accounting of his unemployment and wage income and should not benefit from his failure to do so when Deputy Commissioner Shuping placed the burden on both parties to procure the information. Plaintiff is not entitled to penalties for the late payment of benefits. N.C. Gen. Stat.97-18(g).
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of his compensable injury by accident on June 20, 1994 and his June 22, 1995 work-related incident. Plaintiffs treating physician, Dr. Frank, has indicated that plaintiffs treatment would include only ice, heat, and anti-inflammatory medications. Plaintiff is entitled to this treatment for so long as said treatment would effectuate a cure, give relief, or tend to lessen plaintiffs period of disability. N.C. Gen. Stat. 97-2(19) ; N.C.G.S. 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for medical treatment as directed by Dr. Frank that would tend to effectuate a cure, give relief, or lessen plaintiffs period of disability.
2. Plaintiffs claim for additional compensation based upon a change of condition related to his compensable injury on June 20, 1994 and his June 22, 1995 work-related incident is DENIED.
3. The parties shall share the costs of this appeal.
This is the ___ day of August, 2000.
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER